CASPER J. RANKIN (CA SBN 249196)
PITE DUNCAN, LLP
4375 JUTLAND DRIVE, SUITE 200
P.O. BOX 17933
SAN DIEGO, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
E-mail: crankin@piteduncan.com

Attorneys for Creditor U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2006-AR9

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>JAMES ROBERT HAYNES and SHARON HAYNES,<br><br>Debtor(s). | Case No. 10-73696<br><br>Chapter 13<br><br>**STIPULATION RE: LOAN MODIFICATION AGREEMENT** |

This Stipulation Re: Loan Modification Agreement ("Stipulation") is entered into by and between James Robert Haynes and Sharon Haynes (hereinafter referred to as "Debtors-") by and through their attorney of record, Patrick L. Forte; the Chapter 13 Trustee, Martha G. Bronitsky; and U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2006-AR9 (hereinafter referred to as "Creditor"), by and through its attorneys of record, Pite Duncan, LLP.

## RECITALS

A.  Debtors are the makers of a Note in favor of Steward Financial, Inc. (hereinafter referred to as "Lender") dated July 27, 2006, in the original principal amount of $476,000.00, which is secured by a Deed of Trust encumbering the real property at 517 Falcon Way, Hercules, CA 94547 (the "Subject Property"). The Note and Deed of Trust are collectively referred to hereinafter as the "Subject Loan." A copy of the Note is attached hereto as **Exhibit A** and is incorporated herein by this reference.

B.  Subsequently, all rights, title and interest in the Subject Loan were transferred to Creditor.

C.  On or about November 29, 2010, Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California - Oakland Division, and were assigned Case No. 10-73696.

D.  On or about February 1, 2011, Creditor filed a Proof of Claim on account of the Subject Loan reflecting outstanding pre-petition arrears in the amount of $33,737.10.

E.  Creditor has agreed to modify the Subject Loan pursuant to the terms set forth in the document attached hereto as **Exhibit A**.

**THE PARTIES HEREBY STIPULATE AS FOLLOWS:**

1.  The automatic stay of 11 U.S.C. § 362 shall be modified to allow Creditor to offer and provide Debtors with information regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, to enter into such an agreement with Debtors, and to record any such agreement with the appropriate county recorder's office;

2.  Debtors shall file a motion to modify their Chapter 13 Plan to reflect the terms of the loan modification agreement within thirty (30) days of the date of entry of the order approving this Stipulation;

3.  The loan modification agreement shall be effective upon the entry of an order approving this Stipulation and an order approving the Debtors' modified Chapter 13 Plan that reflects the loan modification agreement or, alternatively, upon the dismissal of the Debtors' bankruptcy case; and

/././
/././
/././
/././
/././
/././

1 /././

2 /././

3 4.   Upon entry of the order approving this Stipulation, the Chapter 13 Trustee shall cease making

4 any payments in regard to Creditor's claim filed in this bankruptcy case.

5

6 IT IS SO STIPULATED:                                LAW OFFICES OF PATRICK L. FORTE

7

8 Dated: 5/5/11                                By: /s/ (signature)
                                                ~~PATRICK L. FORTE~~ ANNE Y. SHIAU
9                                               Attorney for James Robert Haynes and Sharon
                                                Kaye Haynes
10

11                                              PITE DUNCAN, LLP

12
   Dated: 5/19/11                               By: /s/ Casper J. Rankin
13                                              CASPER J. RANKIN
                                                Attorney for U.S. Bank National Association,
14                                              as Trustee, successor in interest to Bank of
                                                America, National Association as successor
15                                              by merger to LaSalle Bank NA as trustee for
                                                Washington Mutual Mortgage Pass-Through
16                                              Certificates WMALT Series 2006-AR9

17 APPROVED AS TO FORM AND CONTENT:

18

19 Dated:_____                        By:_____
20                                              MARTHA G. BRONITSKY
                                                Chapter 13 Trustee
21

22 | The Standing Trustee's signature represents that the Standing Trustee asserts no
23 | interest in the asset, which is the subject of this stipulation for re: loan modification
   | agreement. The Standing Trustee's signature is affixed on the condition that the
24 | debtor agrees to the terms herein, and that debtor has been fully advised by debtor's
   | counsel. The signature of counsel for the debtor signifies the foregoing condition.

25

26

27

28

- 3 -                                                                              9766989.wpd

/././

/././

4. Upon entry of the order approving this Stipulation, the Chapter 13 Trustee shall cease making any payments in regard to Creditor's claim filed in this bankruptcy case.

**IT IS SO STIPULATED:**

Dated:_____    By:_____
                              PATRICK L. FORTE
                              Attorney for James Robert Haynes and Sharon Kaye Haynes

PITE DUNCAN, LLP

Dated: 5/19/11    By: /s/ Casper J. Rankin
                     CASPER J. RANKIN
                     Attorney for U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2006-AR9

**APPROVED AS TO FORM AND CONTENT:**

Dated: 5-11-11    By:_____
                     MARTHA G. BRONITSKY
                     Chapter 13 Trustee

> The Standing Trustee's signature represents that the Standing Trustee asserts no interest in the asset, which is the subject of this stipulation for re: loan modification agreement. The Standing Trustee's signature is affixed on the condition that the debtor agrees to the terms herein, and that debtor has been fully advised by debtor's counsel. The signature of counsel for the debtor signifies the foregoing condition.

# EXHIBIT A

Loan Number

# HOME AFFORDABLE MODIFICATION AGREEMENT

MIN: 100221000000033200

Borrower ("I"):[1] **JAMES R HAYNES and SHARON HAYNES**
Lender or Servicer ("Lender"): **CHASE HOME FINANCE LLC**
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): **JULY 27, 2006**
Loan Number:
Property Address ("Property"): **517 FALCON WAY, HERCULES, CALIFORNIA 94547**

"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS.

If my representations and covenants in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;

    C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

    D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program ("Program"));

    E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    ver. 03_09_2011_12_06_37    Form 3157 3/09 (rev. 10/10)(CHF rev. 03/11)
(page 1 of 8 pages)



    my eligibility for the Program, are true and correct;

 F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

 G. I have made or will make all payments required under a trial period plan.

 H. If I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

 A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

 B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **MAY 01, 2011** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **MAY 01, 2011**.

 A. The Maturity Date will be: **SEPTEMBER 01, 2036**.

 B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be **$556,484.93** (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

 C. **$59,400.00** of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$497,084.93**. Interest at the rate of **2.000%** will begin to accrue on the Interest Bearing Principal Balance as of **APRIL 01, 2011** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **MAY 01, 2011**. My payment schedule for the modified Loan is as follows:

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie
Mae/Freddie Mac UNIFORM INSTRUMENT ver. 03_09_2011_12_06_37 Form 3157 3/09 (rev. 10/10)(CHF rev. 03/11)
*(page 2 of 8 pages)*

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins on | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.000% | 04/01/2011 | $1,505.30 | $315.05 May adjust periodically | $1,820.35 May adjust periodically | 05/01/2011 | 60 |
| 6 | 3.000% | 04/01/2016 | $1,748.81 | May adjust periodically | May adjust periodically | 05/01/2016 | 12 |
| 7 | 4.000% | 04/01/2017 | $2,005.85 | May adjust periodically | May adjust periodically | 05/01/2017 | 12 |
| 8-26 | 5.000% | 04/01/2018 | $2,274.33 | May adjust periodically | May adjust periodically | 05/01/2018 | 221 |

Notwithstanding the foregoing schedule, I agree that unless sooner paid, I will have a final balloon payment in the amount of **$341,576.02** due and payable on the new Maturity Date.

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step, or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.



4. **Additional Agreements.** I agree to the following:

   A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

   B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

   C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

   D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

   E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

   F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

   G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

   H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT ver. 03_09_2011_12_06_37 Form 3157 3/09 (rev. 10/10)(CHF rev. 03/11)
(page 4 of 8 pages)



Case: 10-73696    Doc# 35    Filed: 05/19/11    Entered: 05/19/11 12:29:12    Page 9 of 13

Loan Number

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective document, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    ver. 03_09_2011_12_06_37    Form 3157 3/09 (rev. 10/10)(CHF rev. 03/11)

*(page 5 of 8 pages)*



Loan Number

Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

(SIGNATURES CONTINUE ON FOLLOWING PAGES)

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT ver. 03_09_2011_12_06_37 Form 3157 3/09 (rev. 10/10)(CHF rev. 03/11)
*(page 6 of 8 pages)*



Case: 10-73696 Doc# 35 Filed: 05/19/11 Entered: 05/19/11 12:29:12 Page 11 of 13

Loan Number

## TO BE SIGNED BY BORROWER ONLY

**BORROWER** SIGNATURE PAGE TO HOME AFFORDABLE MODIFICATION AGREEMENT BETWEEN CHASE HOME FINANCE LLC And JAMES R HAYNES and SHARON HAYNES, LOAN NUMBER 5303923972 WITH A MODIFICATION EFFECTIVE DATE OF MAY 01, 2011

In Witness Whereof, the Borrower(s) have executed this agreement.

_____   Date: 3/13/11
Borrower - JAMES R HAYNES

_____   Date: 3/13/11
Borrower - SHARON HAYNES

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie
Mae/Freddie Mac  UNIFORM INSTRUMENT    ver. 03_09_2011_12_06_37    Form 3157  3/09 (rev. 10/10)(CHF rev. 03/11)
*(page 7 of 8 pages)*



Loan Number

## TO BE SIGNED BY LENDER ONLY

LENDER SIGNATURE PAGE TO HOME AFFORDABLE MODIFICATION AGREEMENT BETWEEN CHASE HOME FINANCE LLC And JAMES R HAYNES and SHARON HAYNES, LOAN NUMBER 5303923972 WITH A MODIFICATION EFFECTIVE DATE OF MAY 01, 2011

In Witness Whereof, the Lender has executed this Agreement.

Lender

**CHASE HOME FINANCE LLC**

By: _____

Date: _____

Mortgage Electronic Registration Systems, Inc. – Nominee For Lender

By: _____

Date: _____

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   ver. 03_09_2011_12_06_37   Form 3157 3/09 (rev. 10/10)(CHF rev. 03/11)
*(page 8 of 8 pages)*



Case: 10-73696   Doc# 35   Filed: 05/19/11   Entered: 05/19/11 12:29:12   Page 13 of 13